## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **STEPHEN COTTRELL, on behalf of himself and all others similarly situated,** | **CASE NO. 1:19-cv-1036** |
| **Plaintiff,** | **JUDGE** |
| **vs.** | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **PRECISION CASTPARTS CORP., and PCC AIRFOILS, LLC,** | |
| **Defendants.** | |

Plaintiff, individually and on behalf of all others similarly situated, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and other similarly situated employees who have worked as hourly, non-exempt employees of Precision Castparts Corp. ("Precision Castparts") and PCC Airfoils, LLC ("PCC Airfoils") (collectively, "PCC" or "Defendants") in the United States.

2.      PCC underpays Plaintiff and other non-exempt employees for all overtime hours they work by: (1) paying them at a lower overtime rate than the law requires; and (2) not paying them for all overtime hours worked.  When determining each employee's "regular rate" (the rate that must be multiplied by 1.5 to determine the overtime rate), PCC excludes compensation that must be included in the regular rate.  Specifically, PCC excludes certain shift differentials from the regular rate calculation.  This results in the payment of a lower overtime rate than is required. In addition, PCC allows employees to clock in and begin working up to 15 minutes before the

scheduled start of their shift, but only compensate employees for such pre-shift work if they clock in exactly 15 minutes early. Thus, employees are not compensated for clocking in and working 1-14 minutes before their scheduled shift start times.

3.     Upon information and belief, these policies affect all of Defendants' hourly, non-exempt employees.

4.     Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., on his own behalf and as a collective action on behalf of other similarly situated employees nationwide.

5.     Plaintiff also brings claims under the Ohio Minimum Fair Wage Standards Act (the "Ohio Wage Act"), O.R.C. 4111.01 et seq. and the Prompt Pay Act ("OPPA"), O.R.C. 4113.15 on his own behalf and as a Fed. R. Civ. P. 23 class action on behalf of other similarly situated employees in the state of Ohio.

<u>JURISDICTION AND VENUE</u>

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

7.     This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

8.     This Court has jurisdiction over Plaintiff's claims under the Ohio Wage Act and OPPA pursuant to 28 U.S.C. § 1332(d)(2)(A).

9.     This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 because the state law claims and the federal law claim are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

11.     Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(1).

12.     Defendant PCC Airfoils resides in this District.

13.     Defendants are subject to personal jurisdiction in this District.

14.     A substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

*Defendants*

15.     Defendant Precision Castparts Corp. is an Oregon corporation with its principal place of business at 4650 S.W. Macadam Ave., Suite 300, Portland, Oregon.

16.     Defendant PCC Airfoils is an Ohio Limited Liability Company with its principal place of business at 3401 Enterprise Parkway, Suite 200, Beachwood, Ohio 44122.

17.     PCC Airfoils can be served through its statutory agent, National Registered Agents, Inc., 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219.

18.     Precision Castparts is "a worldwide, diversified manufacturer of complex metal components and products."[1]

19.     PCC Airfoils is "a wholly-owned subsidiary of Precision Castparts."[2]

20.     Precision Castparts and PCC Airfoils (collectively, "PCC" or "Defendants") are one single integrated entity and enterprise.

21.     Precision Castparts is Plaintiff's employer for purposes of the FLSA.

22.     Precision Castparts is Plaintiff's employer for purposes of the Ohio Wage Act and

---

[1]     PCC website, http://www.precast.com/ (last visited May 6, 2019).
[2]     PCC Airfoils webpage on PCC's website, http://www.precast.com/operations/investment_cast_products/airfoils/ (last visited May 6, 2019).

OPPA.

23.    PCC Airfoils is Plaintiff's employer for purposes of the FLSA.

24.    PCC Airfoils is Plaintiff's employer for purposes of the Ohio Wage Act and OPPA.

### Plaintiff

25.    Plaintiff Stephen Cottrell ("Cottrell") is an adult individual who is a resident of the State of Ohio.

26.    Cottrell has been employed by PCC as an hourly, non-exempt worker in various positions from September 2018 to the present.

27.    Cottrell regularly works more than 40 hours per week. He typically works at least 48 hours per week.

28.    At all times during his employment, Plaintiff has been a non-exempt employee under the FLSA, the Ohio Wage Act and OPPA.

29.    Cottrell is a covered employee within the meaning of the FLSA, the Ohio Wage Act, and OPPA.

### FACTUAL ALLEGATIONS

30.    PCC employs thousands of hourly, non-exempt employees around the country, including Plaintiff and his similarly situated co-workers, at various locations.

**A.    PCC fails to pay employees at 1.5 times their regular rate of pay.**

31.    PCC pays hourly, non-exempt employees, including Plaintiff and other similarly situated employees, extra remuneration such as shift differentials ("Additional Remuneration") in addition to their hourly rates of pay ("Base Hourly Rate").

32.    PCC paid Plaintiff Additional Remuneration during workweeks that he worked in

excess of 40 hours.

33.    PCC also paid other non-exempt employees Additional Remuneration during workweeks that they worked in excess of 40 hours.  PCC does not include shift differentials in the calculations of its hourly, non-exempt employees' "regular rates," as defined by the FLSA (the "FLSA Regular Rate") for purposes of computing overtime amounts owed. Instead, PCC paid overtime at 1.5 times its hourly, non-exempt employees' Base Hourly Rate.

34.    PCC does not include shift differentials in the calculations of Plaintiff's "wage rate" as defined by the Ohio Wage Act (the "Ohio Wage Rate") for purposes of computing overtime amounts owed.

35.    Throughout the relevant period, it has been PCC's policy to exclude shift differential payments from PCC's hourly, non-exempt employees' FLSA Regular Rate, and, by extension, from their overtime premiums due pursuant to the FLSA.

36.    Throughout the relevant period, it has been PCC's policy to exclude shift differential payments from PCC's Ohio hourly, non-exempt employees' Ohio Wage Rate, and, by extension, from their overtime premiums due pursuant to the Ohio Wage Act.

37.    PCC's policy of excluding the shift differentials from the FLSA Regular Rate does not vary from one PCC plant to another throughout the United States.

38.    PCC's policy of excluding the shift differentials from the Ohio Wage Rate does not vary from one PCC plant to another throughout Ohio.

**B.    PCC fails to pay employees for all overtime hours worked**

39.    Plaintiff and all other hourly, non-exempt employees were subject to PCC's policy or practice of only paying its hourly, non-exempt employees beginning at their scheduled shift time rather than the actual time they start working if they clocked in to work one to fourteen minutes

prior to the start of their scheduled shift ("Unlawful Rounding Policy").

40.     PCC's hourly, non-exempt employees clock in and record the exact time of their arrival and commencement of work for PCC's benefit.

41.     PCC's Unlawful Rounding Policy has consistently resulted in unpaid overtime wages to Plaintiff and the putative class members because it simply fails to pay its hourly, non-exempt employees for all compensable hours worked despite being fully aware of the exact times that the employees clock in/out.

42.     As a result of PCC's Unlawful Rounding Policy, employees are paid for less compensable hours than they actually work.

43.     At all times relevant, PCC was fully aware that it has accurate clock-in/clock-out timekeeping records that captures the exact time that its employees are working, but PCC still did not compensate its employees for the actual amount of compensable time working in one or more workweeks during the three years preceding this Complaint.

44.     As such, by only paying its employees for their scheduled shift rather than the actual amount of time working through its Unlawful Rounding Policy, PCC knowingly failed to fully compensate Plaintiff and similarly situated employees for all of the time they actually worked, including overtime hours.

45.     Plaintiff and similarly situated employees have regularly engaged in principal activities, including tasks that are integral and indispensable to their principal activities, before their scheduled start times and/or end times, but have not been properly compensated for the work performed because of PCC's Unlawful Rounding Policy.

46.     PCC's Unlawful Rounding Policy systematically and consistently results in the improper reduction of employees' compensable time worked.

- 6 -

47.     By the conduct described in this Class and Collective Action Complaint, PCC has violated the FLSA and the Ohio Wage Act by failing to pay hourly, non-exempt employees, including Plaintiffs, the full wages they have earned and to which they are entitled by law because of its failure to pay overtime at the proper rate and its failure to pay for all overtime hours worked.

48.     Plaintiff brings this action on behalf of himself and similarly situated current and former employees of PCC, who elect to opt in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by PCC that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

49.     Plaintiff brings this action on behalf of himself and similarly situated current and former employees of PCC pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the wage and hour provisions of the Ohio Wage Act by PCC that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

50.     Defendants are covered employers within the meaning of the FLSA and the Ohio Wage Laws and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

51.     PCC applies the same preceding policies, practices, and procedures to all of its non-exempt employees.

52.     PCC, at all times relevant hereto, was fully aware of the fact it is legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

53.     During relevant times, PCC had knowledge of and acted willfully regarding its conduct described herein.

54.     PCC is in possession and control of necessary documents and information from which Plaintiff and the putative class members would be able to precisely calculate damages.

55.     PCC has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

56.     At all times relevant, PCC maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

57.     At all times relevant, PCC's annual gross volume of sales made or business done was not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

58.     Plaintiff brings this collective action pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for PCC as non-exempt employees and have: (1) received Additional Remuneration; or (2) clocked in 1-14 minutes before the scheduled start of their shift, in any workweek that they worked in excess or 40 hours beginning May 7, 2016, and the date of judgment in this matter, who elect to opt-in to this action (the "FLSA Collective").

59.     Plaintiff and the FLSA Collective are similarly situated in that they all are subject to Defendants' common compensation policies, patterns, and/or practices, including without limitation, Defendants' failure to include Additional Remuneration payments in the calculation of the FLSA Regular Rate and the failure to pay for all overtime hours worked as a result of PCC's Unlawful Rounding, which are violations of the FLSA and Department of Labor regulations.

60.     PCC is liable under the FLSA for, *inter alia*, failing to properly compensate

- 8 -

Plaintiffs.  There are many similarly situated current and former non-exempt employees who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

61.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by PCC, and/or PCC has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

62.     As part of its regular business practice, PCC has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

     a.     willfully failing to include Additional Remuneration when calculating the FLSA Regular Rate for Plaintiff and the members of the FLSA Collective and as a result failing to pay Plaintiff and the members of the FLSA Collective the full overtime premiums to which they are entitled under the FLSA; and

     b.     willfully failing to maintain a lawful rounding policy or practice, but instead utilizing the Unlawful Rounding Policy which consistently reduces employees' compensable hours worked in violation of the FLSA.

63.     PCC is aware or should have been aware that federal law required it to include all payments other than those specifically excluded by 29 U.S.C. 207(e) in its employees' regular rate of pay.

64.     PCC is aware or should have been aware of the proper timekeeping and rounding requirements as set forth in 29 C.F.R. 785.48(b).

65.     Plaintiff and the FLSA Collective were all subject to PCC's common policies or

practices of failing to properly calculate their overtime rates when they received Additional Remuneration and/or failing to properly compute employees' compensable hours worked as a result of the Unlawful Rounding Policy.

66.     Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as his own in bringing this action.

67.     PCC's unlawful conduct has been widespread, repeated, and consistent.

## OHIO CLASS ACTION ALLEGATIONS

68.     Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Ohio Wage Act, on behalf of himself and all other individuals who work or have worked for PCC as non-exempt employees and have: (1) received Additional Remuneration; or (2) clocked in 1-14 minutes before the scheduled start of their shift, in any workweek that they worked in excess or 40 hours beginning May 7, 2017, and the date of judgment in this matter (the "Ohio Class").

69.     The persons in the Ohio Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

70.     Upon information and belief, the size of the Ohio Class is over 1,000 workers.

71.     Defendants have acted or have refused to act on grounds generally applicable to the Ohio Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Ohio Class as a whole.

72.     There are questions of law and fact common to the Ohio Class that predominate over any questions affecting individual members of the Ohio Class, including, *inter alia*,

a. willfully failing to include Additional Remuneration when calculating the Ohio Wage Rate for Plaintiff and the members of the Ohio Class and as a result failing to pay Plaintiff and the members of the Ohio Class the full overtime premiums to which they are entitled; and

b. willfully failing to maintain a lawful rounding policy or practice, but instead utilizing the Unlawful Rounding Policy which consistently reduces employees' compensable hours worked in violation of the Ohio Wage Act.

73. Cottrell's rate of pay claim is typical of the claims of the class he seeks to represent. Plaintiff and the Ohio Class work or have worked for Defendants as non-exempt employees and have been subjected to Defendants' policy and pattern or practice of failing to include Additional Remuneration made in the computation of their overtime rates. By failing to include Additional Remuneration when computing the Ohio Wage Rate, Defendants have acted and refused to act on grounds generally applicable to the Ohio Class, thereby making declaratory relief with respect to the Ohio Class appropriate.

74. In addition, Cottrell's timekeeping claim is typical of the claims of the class he seeks to represent. Plaintiff and the Ohio Class work or have worked for Defendants as non-exempt employees and have been subjected to its policy and pattern or practice of failing to properly pay Plaintiff and the Ohio Class for all hours worked. By failing pay Plaintiff and the Ohio Class for all hours worked, Defendants have acted and refused to act on grounds generally applicable to the Ohio Class, thereby making declaratory relief with respect to the Ohio Class appropriate.

75. Plaintiff will fairly and adequately represent and protect the interests of the Ohio Class. Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the Ohio Class to represent its interests fairly and adequately.

76. Plaintiff recognizes that as a class representative, he must represent and consider

- 11 -

the interests of the Ohio Class just as he would represent and consider his own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Ohio Class.

77.     Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Ohio Class.

78.     Plaintiff understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

79.     Plaintiff has retained counsel competent and experienced in complex class actions and in labor and employment litigation.

80.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

81.     The members of the Ohio Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Ohio Class members are not *de minimis*, such damages are small compared to the expense and burden of bringing individual cases.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

82.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

- 12 -

## CLASSWIDE ALLEGATIONS

83.     Plaintiff and the members of the Ohio Class and the FLSA Collective (collectively, "Class Members") have been victims of common policies, practices, and plans perpetrated by Defendants that have violated their rights under the FLSA and the Ohio Wage Act by denying them full payment of their overtime premiums for all compensable hours worked.

84.     Plaintiff and the Class Members worked more than 40 hours during many weeks during which they worked for PCC.

85.     All of the work that Plaintiff and the Class Members have performed has been assigned by PCC and/or PCC has been aware of all of the work that Plaintiff and the Class Members performed.

86.     Pursuant to a centralized, company-wide policy, pattern or practice that was authorized, established, promulgated, and/or ratified by its corporate headquarters, PCC failed to include shift differential payments in determining the FLSA Regular Rate and the Ohio Wage Rate that it used for purposes of calculating Plaintiff and the Class Members' overtime premiums, in violation of the FLSA and Ohio Wage Act

87.     Pursuant to a centralized, company-wide policy, pattern or practice that was authorized, established, promulgated, and/or ratified by its corporate headquarters, PCC failed to properly compute employees' compensable hours worked as a result of its Unlawful Rounding Policy, in violation of the FLSA and Ohio Wage Act

88.     Upon information and belief, PCC's policies, practices, or plans did not vary depending on the location where Plaintiff and the Class Members worked.

89.     As part of its regular business practice, PCC has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the Ohio

Wage Act with respect to Plaintiff and the Class Members.

90.     PCC is aware or should have been aware that federal and Ohio law required in determining Plaintiff and the Class Members' FLSA Regular Rate and Ohio Wage Rate, as well their compensable hours worked

## FIRST CAUSE OF ACTION
### (Failure to Fully and Properly Pay Overtime Premium at the Proper Rate and/or for all Overtime Hours Worked—FLSA)

91.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

92.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the FLSA Collective.

93.     The FLSA requires that hourly and other non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate." 29 U.S.C. § 207(a)(1).

94.     Plaintiff and the FLSA Collective should have been paid overtime compensation at the rate of one and one-half times their FLSA Regular Rate for all hours worked in excess of forty hours per workweek.

95.     Defendants miscalculated and underpaid the overtime compensation it paid to Plaintiffs and the FLSA Collective by excluding shift differential payments from the calculation of their "regular rates."

96.     Moreover, the FLSA requires employers to pay their employees for all hours worked in a workweek, including overtime compensation for hours worked in excess of forty (40) per week. *See* 29 U.S.C. §§ 206(b) and 207(a)(1).

97.     Defendants violated the FLSA with respect to Named Plaintiff and the §216(b) Class by, *inter alia*, failing to compensate them at one-and-one-half times their regular rates of

- 14 -

pay for all hours worked over forty (40) hours in a workweek because of PCC's Unlawful Rounding Policy.

98.     By maintaining the preceding policies, practices, or plans Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

99.     As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective were injured in that they did not receive overtime compensation due to them pursuant to the FLSA.

100.    29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages."

101.    Section 216(b) further entitled Plaintiff and the FLSA Collective to "reasonable attorney's fees to be paid by the defendant, and costs of the action."

<strong><u>SECOND CAUSE OF ACTION</u></strong><br>
<strong>(Failure to Fully and Properly Pay Overtime Premium at the Proper Rate and/or for all Overtime Hours Worked -Ohio Wage Act)</strong>

102.    Plaintiff incorporates all allegations in all preceding paragraphs.

103.    Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of himself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

104.    At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

105.    Pursuant to Ohio Rev. Code Ann. § 4113.03, Plaintiff and the Ohio Class were entitled to be paid "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek…."

106.    Pursuant to Ohio Rev. Code Ann. § 4113.01, Plaintiff and the Ohio Class's wages include all "compensation due to an employee by reason of employment."

107.    The shift differential payments were compensation due to the Plaintiff and the Ohio Class by reason of their employment with PCC. Accordingly, PCC was required to include the shift differential payments in determining Plaintiff and the Ohio Class's Wage Rates for purposes of determining the proper overtime premium rate.

108.    Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by excluding shift differential payments from the calculation of employees' Ohio Wage Rates for purposes of overtime compensation.

109.    Moreover, the Ohio Wage Act requires employers to pay their employees for all hours worked in a workweek, including overtime compensation for hours worked in excess of forty (40) per week.

110.    PCC violated the Ohio Wage Act with respect to Named Plaintiff and the Ohio Class by, *inter alia*, failing to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek because of PCC's Unlawful Rounding Policy.

111.    Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff and the Ohio Class members in that they did not receive overtime compensation due to them pursuant to that statute.

112.    Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

### THIRD CAUSE OF ACTION
**(Unlawful Rounding-Ohio Prompt Pay Act)**

113.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

- 16 -

herein.

114.    Plaintiff brings this claim for violation of theOPPA, Ohio Rev. Code Ann. § 4113.15, on behalf of himself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

115.    During relevant times, PCC Airfoils was an entity covered by OPPA, and Plaintiff and the Ohio Class have been employed by PCC Airfoils within the meaning of OPPA.

116.    OPPA requires Defendants to pay Plaintiff and the Ohio Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

117.    During relevant times, Plaintiff and the Ohio Class were not paid all wages, including overtime wages at one and one-half times their regular rates of pay as described herein within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

118.    Plaintiff and the Ohio Class's unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday as a result of the Unlawful Rounding Policy described herein.

119.    Plaintiff and the Ohio Class have been harmed and continue to be harmed by such unpaid wages.

120.    In violating OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as to **Count I**, Plaintiff and other members of the § 216(b) Class pray

for an Order against Defendants as follows:

A.  Certifying the proposed FLSA collective action;

B.  Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the §216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.  A declaratory judgment that Defendants' wage and hour policies and/or practices as alleged herein violate the FLSA;

D.  An order for injunctive relief ordering Defendants to end all of the illegal wage policy and practice alleged herein pursuant to the FLSA and attendant regulations and requiring Defendants to follow such laws going forward;

E.  Judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiff and the §216(b) Class as a result of the policies herein during the applicable statutory period under the FLSA and continuing through trial;

F.  Judgment against Defendants for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and all other similarly situated employees as a result of the policies herein during the applicable statutory period under the FLSA and continuing through trial;

G.  Directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

H.  Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I.  Judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

J.       Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II** and **III**, Plaintiff requests judgment against Defendant for violations of the Ohio Acts, and for an Order as follows:

K.       A declaratory judgment that Defendants' wage and hour policies and practices as alleged herein violate the Ohio Wage Act with respect to the failure to pay for all overtime hours worked and violations of the OPPA;

L.       An order for injunctive relief ordering Defendants to end all of the illegal wage policy and practice alleged herein pursuant to the Ohio Wage Act and the OPPA, and requiring Defendants to follow such laws going forward;

M.       An Order certifying the proposed Ohio Rule 23 Class under the Ohio Wage Act and the OPPA;

N.       Awarding to the Named Plaintiff and the Ohio Rule 23 Class Members unpaid compensation as a result of the policies herein, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law;

O.       Awarding Named Plaintiff and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

P.       Awarding judgment against Defendants for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiff and the Ohio Rule 23 Class Members during the applicable statutory period; and

Q.       Awarding Named Plaintiff and the Ohio Rule 23 Class Members such other and further relief as the Court deems necessary, just, or proper.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**Coffman Legal, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Telephone: (614) 949-1181
Facsimile: (614) 386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Shannon M. Draher*
Shannon M. Draher (Ohio Bar #0074304)
Hans A. Nilges (Ohio Bar #0076017)
**Nilges Draher LLC**
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Phone:        (330) 470-4428
Facsimile:     (330) 754-1430
sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

*Attorneys for Named Plaintiff and similarly situated employees*

## JURY DEMAND

Plaintiff hereby demands a jury trial of twelve (12) persons to hear all issues so triable.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman