IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEPHEN COTTRELL, on behalf of himself and others similarly situated, | ) ) Case No. 1:19-Cv-01036-DAP |
| Plaintiff, | ) ) Judge Dan Aaron Polster |
| vs. | ) ) ) |
| PCC AIRFOILS, INC, | ) ) |
| Defendant. | ) |

**ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT**

This matter is before the Court on the Parties' Joint Motion for Final Approval of FLSA Settlement ("Joint Motion") pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed FLSA Collective Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion as Exhibit A.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declarations of Shannon M. Draher and Matthew J.P. Coffman, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Stipulated Order Approving the FLSA Collective Action Settlement, the Agreement as it applies to the FLSA, the proposed FLSA Collective Action Settlement Notice, the proposed FLSA Consent to Join and Release Form, the proposed Service Award to the Representative Plaintiff, and the proposed attorneys' fees and expense reimbursements to Class Counsel, as follows:

1.  Unless otherwise defined, all terms used in this Order have the same meanings as defined in the Settlement Agreement.

2. Representative Plaintiff filed this action on May 8, 2019. He filed an Amended Complaint on August 1, 2019 In his Amended Complaint, Representative Plaintiff alleged that Defendant violated the FLSA by: (1) willfully failing to include extra remuneration such as shift differentials in his and other similarly situated employees' "regular rate of pay" for purposes of computing overtime compensation (the "Additional Remuneration Claim"); and (2) willfully maintaining a rounding and/or pay to shift policy that resulted in the underpayment of overtime compensation due to Representative Plaintiff and other similarly situated employees. (the "Pay to Shift Claim").

3. Defendant denies any liability or wrongdoing of any kind.

4. On August 12, 2019, the Parties stipulated to conditional certification and requested permission to provide court-supervised notice to Putative Collective Action Members.

5. On August 13, 2019, the Court issued an Order an Order granting conditional certification and approving the proposed Notice to Collective Action Plaintiffs and Consent to Join.

6. 861 individuals, including Representative Plaintiff, returned their properly executed Consent to Join form. Those forms have all been filed with the Court. . The Opt-In plaintiffs and the Representative Plaintiff will be collectively referred to as the "Plaintiffs".

7. The Parties engaged in informal discovery over the course of several. They also engaged data analysts to review the discovery and to perform damages calculations.

8. The Parties then engaged in arms' length negotiations.

9. The Parties reached the proposed settlement in this matter after debate, discussions, correspondence, and good faith bargaining.

10. The Settlement will cover the 861 Plaintiffs identified in Exhibits 1 and 2 of the Settlement Agreement.

11. The Settlement Agreement provides that, in consideration of the Total Settlement Payment, the claims of the Plaintiffs are released and dismissed with prejudice.

12. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiffs' Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Plaintiffs. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

13. The Court approves the Agreement and its Exhibits, and orders that the FLSA Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants approval of the FLSA Collective Action Settlement as to the Plaintiffs.

14. The Court finds that the proposed allocation and calculation of the settlement payments as described in the Settlement Agreement to the Plaintiffs are fair and reasonable

15. The Court approves the service payments to Representative Plaintiff Stephen Cottrell in recognition of his service in the Action and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Agreement.

16. The Court approves the payment of attorneys' fees and expense reimbursements to Plaintiffs' Counsel as provided in the Settlement Agreement and orders that such payments be

distributed in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

17. The approves the payment of the costs of settlement administration from the Total Settlement Payment.

18. The Court dismisses the claims of the Plaintiffs as that term is defined in the Joint Stipulation of Settlement and Release with prejudice, and enters final judgment dismissing them from the Action. The Court finds there is no just reason for delay and directs the Clerk of the Court to enter this Order Approving FLSA Settlement immediately.

19. The Court retains jurisdiction over the Action to enforce the terms of the Settlement, including the notice administration and distribution process.

**SO ORDERED:**

Date: __March 2, 2020__     _____
  Honorable Dan Aaron Polster
  United States District Judge